LYMAN MASON *vs.* FRANK P. CLOUGH & another.

Suffolk.    November 19, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Insolvent Debtor — Composition Act — Discharge — Written Lease — Rent.*

A mere discharge in insolvency, obtained under the composition act (St. 1884,
c. 236) does not operate to release the debtor, by force of the Pub. Sts. c. 157,
§ 26, from rent accruing under a written lease subsequently to the date named in
the discharge.

CONTRACT, for rent for two months from February 1, 1890, under a written lease given by the plaintiff to the defendants for the term of one year from October 1, 1889. Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions as follows.

The defendants contended that their liability under the lease was released by virtue of a discharge granted by the Court of Insolvency under the composition act of 1884, c. 236, dated February 17, 1890, which discharged the defendants from all debts due to any person on January 24, 1890; and that, by virtue thereof, and of the Pub. Sts. c. 157, § 26, they were discharged from all liability under the lease. The judge ruled, as matter of law, that the discharge did not *per se* discharge the defendants from liability under the lease for rent which accrued subsequently to the commencement of the defendants' proceedings in insolvency.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*W. F. Kimball*, for the defendants.

*R. H. Back*, for the plaintiff.

MORTON, J.    It does not appear from the exceptions whether an assignee was or was not chosen, or whether, if there was an assignee, he elected to accept and hold under the lease or disclaim the same, or whether the lessor proved for damages caused by its surrender, if any, or whether any action has been taken with reference to it by any one during the insolvency or composition proceedings. The bald question is presented, therefore,

whether a discharge obtained under the composition act, which discharged the defendants from all debts due to any person on the 24th day of January, 1890, discharged them from rent subsequently accruing under the lease.

Assuming, without deciding, that the defendants could have elected to accept or disclaim the lease in composition proceedings with the same result in either case as would have followed like action on the part of an assignee in the usual course of insolvency proceedings, they may nevertheless in the present case, for aught that appears, have elected to accept the lease. Certainly it must be assumed, in the absence of anything to the contrary, that, under the St. of 1884, c. 236, § 10, upon the granting of the discharge, the lease reverted to the defendants, even if an assignee had been chosen.

It is possible, also, that the defendants may never have been divested of the lease at all. They may have filed their proposal for composition as soon as the petition and schedules had been filed, and thereupon the court may have ordered a stay of any further proceedings pending the acceptance or rejection by the creditors of the proposal for composition. The creditors may have assented to it, and the court may have confirmed it, without any order being passed as to the transfer of the lease. According to the position taken by the defendants, the result would be that they would continue to hold the lease without being liable to the rent reserved in it. Without pursuing the matter further, we think it is evident that the provisions of the Pub. Sts. c. 157, § 26, relating to the effect of the discharge in insolvency on the liability of a debtor under a written lease, are not applicable to the case at bar.

*Exceptions overruled.*