SAMUEL E. MELTZER *vs.* BENJAMIN COHEN & others.

Suffolk. March 10, 1927. — July 1, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* What constitutes. *Corporation,* Contract by incorporators before incorporation. *Assignment,* For benefit of creditors. *Insolvency. Landlord and Tenant.*

If the owner of real estate makes a lease of it to two persons as partners doing business under a company name and afterwards a corporation of that name is formed and the persons named as lessees become the sole owners of its stock, and the corporation makes an assignment for

the benefit of its creditors, the lessor cannot maintain a suit in equity against the corporation's assignees to establish a claim for rent due under the lease after the assignment and to compel the assignees to pay to him the same percentage of the amount found due that they are to pay to other creditors of the company upon debts provable under the assignment.

BILL IN EQUITY, filed in the Superior Court on April 21, 1926, and afterwards amended.

The bill as amended is described in the opinion. The defendants demurred. The demurrer was heard by *Morton*, J., who ruled that it should be sustained and ordered the entry of a decree dismissing the bill. The plaintiff appealed.

*A. G. Gould & T. M. Vinson*, for the plaintiff, submitted a brief.

*A. Williams*, (*A. S. Guterman* with him,) for the defendants.

WAIT, J. The plaintiff alleges that rent is due him under a lease of premises in Boston made by him to the defendants Cohen, Eilberg and the Pilgrim Clothing Company, Incorporated, and seeks to establish his debt and to compel the defendants Williams and Guterman, assignees for the benefit of creditors of the company, to pay to him the same percentage of the amount found due that they are to pay to other creditors of the company upon debts provable under the assignment.

The cause is before us upon appeal from a final decree sustaining a demurrer and dismissing the bill. We are bound by the allegations of the bill and can accept as fact only what is well alleged therein.

It is the plaintiff's contention that, by assenting to the assignment set out, he became entitled to demand of the assignees the amount which would have been payable to him if the property of the insolvent had been distributed under the insolvent law of the Commonwealth. He relies upon G. L. c. 216, § 33, which provides, in substance, that if a lease forms part of the insolvent's property, the debtor or the lessor may at any time request the assignee either to accept and hold the leased premises under the lease, or to disclaim it. If he elects to disclaim, the lease is surrendered

as of the day of filing the disclaimer. The debtor, if discharged, will be discharged of all liability under the lease, whether or not the assignee disclaims, and the lessor may prove any damage caused by the surrender as a debt against the estate of the debtor. The plaintiff contends that by force of the foregoing provisions, he is given the rights which the bill seeks to vindicate.

His difficulty is that they are not applicable in the situation disclosed by the original or the amended bill.

On the face of the pleadings the lease is a lease from the plaintiff to the defendants Cohen and Eilberg as partners doing business under the firm name of the Pilgrim Clothing Company, Incorporated. It does not appear that a corporation of that name existed when the lease was executed. The allegation that Cohen and Eilberg were the sole owners of the stock of the corporation does not make the corporation a party to the lease. *England* v. *Dearborn,* 141 Mass. 590. *Selden Truck Corp.* v. *Selden Truck Service Co.* 257 Mass. 58, 61. There was nothing to show that the corporation ever became a party to the lease, except an inference from the signature which is contradicted by the language of the indenture. The assignment for the benefit of creditors set out as an exhibit is made by a corporation. It is not an assignment by Cohen and Eilberg. That such a corporation should exist and make the assignment referred to is not inconsistent with any fact alleged. So far as appears, Cohen and Eilberg have made no assignment for the benefit of creditors. The allegation in regard to their ownership of the stock does not amount to an allegation that they are insolvent or have assigned. The plaintiff in his assent to the assignment made by the corporation expressly reserves his right against them as individuals.

In this aspect of the case nothing appears to establish any right against the corporation or its assignees. There is no allegation, even, that they are in possession of the leased premises.

If we assume that the Pilgrim Clothing Company, Incorporated, is a lessee of the plaintiff, the case stands no better. There is no allegation that either that company or

the plaintiff has ever requested the assignees to disclaim or to accept and hold under the lease; nor that the lessor plaintiff has ever taken action which would result in the termination of the lease and create in him the right to prove for any damages resulting therefrom under G. L. c. 216, § 33. Indeed, in his brief, the plaintiff asserts that the assignees never disclaimed and that he never terminated the lease. There is nothing to show that the lease is not still subsisting in full force. The only debt which the bill seeks to establish is one which is alleged to have arisen since the date of the assignment. Such a debt is not provable in insolvency. *Bowditch* v. *Raymond,* 146 Mass. 109. *Mason* v. *Clough,* 155 Mass. 389. See also *Deane* v. *Caldwell,* 127 Mass. 242; *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273. *Louis K. Liggett Co.* v. *Wilson,* 224 Mass. 456.

There is nothing in *Abbott* v. *Stearns,* 139 Mass. 168, cited by the plaintiff, which supports a different conclusion. There is here no allegation on which to base an obligation of the assignees to pay a rent accruing *in futuro.*

The Superior Court was right in sustaining the demurrer.

*Decree affirmed with costs.*