JAY TRACY, JR., administrator, *vs.* AUDREA BISHOP & others.

Suffolk. May 11, 1937. — September 16, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Executor and Administrator,* Payments, Accounts. *Probate Court,* Findings by judge, Appeal.

An administrator properly was allowed credit in his account for an amount paid on real estate to protect the interests of the heirs at the request of one of the heirs who was of age and was guardian of two minor

heirs and with the approval of the minors and without repudiation by them when they came of age.

Findings by a judge of probate on reported evidence disallowing certain items of credit in an administrator's accounts and refusing to charge him with loss through failure to sue upon a claim alleged to be due the estate were not plainly wrong.

On appeal from a decree on an account of an administrator, he could not urge his own errors in accounting which had not been called to the attention of the probate judge.

On appeal from a decree upon an account of an administrator, the record need not include an inventory and account filed by the same individual as special administrator.

PETITIONS, filed by an administrator in the Probate Court for the county of Suffolk for the allowance of his first, second, and third accounts.

The petitions were heard by *Dillon*, J. Both the petitioner and the respondents appealed from a decree thereon.

*A. F. Welsh*, for the petitioner.

*D. J. Cohen*, (*E. J. Flavin & I. Cohen* with him,) for the respondents.

QUA, J. This cause is here upon the respective appeals of the administrator of the estate of Charles S. Bishop, late of Boston, deceased, and of the three children who are the heirs of said Bishop from a decree allowing the administrator's first, second and third accounts with certain modifications.

The trial judge reported his findings of material facts. The pertinent evidence is also reported. It is our duty to examine the evidence and to decide the case according to our own judgment, although findings of fact of the trial judge are not to be reversed unless plainly wrong. *Rodrigues* v. *Rodrigues*, 286 Mass. 77, 80.

One controversy arises out of the attempt of the administrator to credit himself with· the total amount of $1,207.03 paid by him at different times in 1926 and 1927 "to protect the interest of the deceased" in certain land in Florida which the deceased in company with others had purchased in his lifetime for the purpose of resale. The "interest" of the deceased seems to have been a resulting trust in an undivided quarter, but there has been no dispute as to the existence of the interest, whatever may have been its

origin. It could have been found that although these pay-. ments were not shown to be for debts of the deceased, it was necessary to make them if the Florida real estate was not to be lost or abandoned. The judge found upon what we think was sufficient evidence that Audrea Bishop, who was the oldest of the three children now contesting the account, and who was the temporary guardian of her two younger brothers, had full knowledge of these payments when they were made, and that they were made with her consent and at her instance, both as an individual and as guardian. After the second child came of age, all three children signed an agreement "to hold . . . [their] interest in Florida property . . . ; to make payments on the principle [sic], and interest on mortgage on said property· as long as we feel financially able." Although in form this was an agreement among the children only, the judge justifiably found on oral evidence that "This document was given to the administrator for his protection in the matter of making payments on the Florida land." It could have been found that the minor children knew of and approved these payments at some time during the period covered by them. The youngest child became of age in 1929 and there is no suggestion of any repudiation of the payments by any of the children until their appearance was entered in these proceedings in 1934. See *Barnaby* v. *Barnaby*, 1 Pick.˙ 221; *Welch* v. *King*, 279 Mass. 445, 450.

For the purpose of this decision we assume that in general an administrator should not make payments out of personal property which are not payments of debts but which are intended to protect the interest of the heirs in real estate of the deceased. *Cook* v. *Howe*, 280 Mass. 325, 328. Nevertheless the children are in no ·position to contest now payments which were made originally at their request. *Poole* v. *Munday*, 103 Mass. 174. *Ensign* v. *Barker*, 191 Mass. 323. See *Little* v. *Little*, 161 Mass. 188, 201; *Fuller* v. *Wilbur*, 170 Mass. 506. Under the circumstances it was within the power of the temporary guardian, at least as far as concerns the present accountant, to direct the disposition of personal property of her minor wards for the preserva-

tion of their estate. G. L. (Ter. Ed.) c. 201, §§ 15, 38. *Dolbeare* v. *Bowser*, 254 Mass. 57, 61.

There is some confusion in the method of stating the accounts. It is unnecessary to burden this opinion with the figures. A careful examination of them shows that the judge has allowed the administrator for the payment of the $1,207.03, and we think this allowance was right.

It cannot be said that on the record the judge was not justified in disallowing the credits for "Expense selling automobile," $100, "Expense selling house," $300, "Expense-investigating estate," $100, and "Office expense and clerk hire," $300. There is nothing in the reported evidence which required the judge to allow these items, especially in view of the allowance made for the accountant's services. The judge made no detailed findings on these items in his report of material facts for the reason, as he states, that the accountant had not appealed. If the accountant desired further findings, he should have called the judge's attention to the fact that he had appealed and should have asked the judge to amplify his findings. See *Robinson* v. *Brown*, 182 Mass. 266; *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214.

The accountant in his brief argues that he has been prejudiced by various errors in his own accounts as prepared and filed by himself. It does not appear that he called the attention of the Probate Court to these errors or that he sought to correct them there. He cannot be heard upon them here. Nor can he complain that the record does not contain his inventory and account as special administrator. The decree from which he has appealed does not relate to the special administration.

The heirs of the deceased contend that the accountant should be charged for his failure to sue for and to collect a commission of $5,000 which it is claimed the deceased had earned before his death. The judge found that as to this item the accountant used reasonably sound judgment and prudence with a due appreciation of his responsibility. The question was one of fact. To recite the evidence would serve no purpose. Apparently the claim on behalf of the

deceased would have been opposed by the testimony of living witnesses. We cannot say that the judge's finding was plainly wrong.

In their brief the heirs ask for costs under G. L. (Ter. Ed.) c. 215, § 45. If we assume that this matter is rightly before us (see, however, *Springfield National Bank* v. *Couse,* 288 Mass. 262, 269), this would not be a proper case for such costs. *Olney* v. *Sheppard,* 275 Mass. 496.

*Decree affirmed.*