PERCY L. WHITE *vs.* STANDARD ACCIDENT INSURANCE COMPANY.

Middlesex.     November 9, 1938. — March 2, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Insurance,* Motor vehicle liability.

A suit by a judgment creditor of an operator of an automobile to enforce the owner's policy of compulsory motor vehicle liability insurance could not be maintained upon findings by the trial judge, not plainly wrong on the evidence, in effect that the operator's possession and use of the automobile were not with the express or implied consent of the owner.

BILL IN EQUITY, filed in the Superior Court on May 26, 1937.

The suit was heard by *M. Morton,* J.

*R. W. Frost,* for the plaintiff.

*W. P. Murray,* for the defendant.

RONAN, J.     This is an appeal from a decree dismissing a bill, brought under G. L. (Ter. Ed.) c. 175, § 113, c. 214, § 3 (10), to reach and apply, in partial satisfaction of a judgment (recovered by the plaintiff against one Keane, on account of personal injuries caused by the negligent operation by Keane of an automobile owned by his sister, one Royall) the indemnity provided by a compulsory automobile liability policy. The policy was issued to Royall, in accordance with G. L. (Ter. Ed.) c. 90, § 34A, by the defendant insurance company.

The judge found that Keane, who had no license to operate an automobile, "took the car from in front of his sister's premises where he lived, at a time when she was absent, after taking the keys of the car from the sideboard, and drove it away without the consent of the sister and without her knowledge . . . . He did this not only without her knowledge and consent, but in direct opposition to notice which she had given him prior to the time that he was not to operate the car . . . the operation of the car by him was without the owner's express consent and without her sanction." He further found that the evidence before him did "not warrant any finding of an implied consent on her part to the use or the operation of the car by him." These findings were made upon conflicting oral evidence, all of which has been reported. It is the duty of this court to examine the evidence, reach its own conclusions as to the facts, and decide the case according to its own judgment, giving due weight to the findings of the judge, which are not to be reversed unless plainly wrong. *Brooks* v. *Bennett*, 277 Mass. 8. *McGrath* v. *C. T. Sherer Co.* 291 Mass. 35. *Kagan* v. *Wattendorf & Co. Inc.* 294 Mass. 588. It is not necessary to set out the evidence in detail because an examination of it does not convince us that any of the findings were plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159. *Rudnick* v. *Rudnick*, 281 Mass. 205. *Hollidge* v. *Colonial Trust Co.* 290 Mass. 52. *Yankee Network, Inc.* v. *Gibbs*, 295 Mass. 56.

The plaintiff does not contend that the finding that the owner did not consent to the operation of the automobile by her brother was wrong. He contends that the only question of fact presented to the trial court was whether Keane had authority to operate the automobile, and that a finding of the want of such authority would not justify a ruling that Keane was not responsible to the owner for the operation of the automobile with her express or implied consent, especially, as he urges, since the evidence warranted a finding that Keane took the automobile with the consent of his sister. The record, however, shows that the principal issues tried were the right to possession of the automobile

and also the right to operate it. There is a specific finding that the evidence is insufficient to warrant a finding that the use or the operation of the automobile was with the implied consent of the owner. The contention of the plaintiff that this finding in so far as it relates to the use or possession of the automobile was wrong cannot be sustained for reasons already mentioned. There was no necessity for a finding relative to any implied consent of the owner unless the judge had also found that Keane took the automobile without the express consent of his sister. We think that the reported findings relative to circumstances under which Keane secured possession of the automobile, construed with the other findings, show that his possession was unauthorized. It should also be noted that the voluntary findings cannot be said to be findings of all the material facts. *Birnbaum* v. *Pamoukis*, 301 Mass. 559. The plaintiff could have secured a report of all the material facts if he had requested it. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209. *Tracy* v. *Bishop*, 298 Mass. 182. In any event, the evidence and findings lead us to the further finding that Keane had no right to take possession of the automobile. *Wasserman* v. *Hollidge*, 267 Mass. 460, 471. *Globe Discount & Finance Corp.* v. *Sawyer*, 288 Mass. 431, 432–433. *White Tower Management Corp.* v. *Taglino, ante,* 453. Upon the evidence and the findings, we reach the same conclusion as did the trial judge.

The evidence did not require a finding that Keane could use the automobile provided he secured a licensed operator to drive it. The judge was not obliged to believe the testimony relied upon by the plaintiff. Neither was it error to find, as he must have found, that the affirmative defence provided by St. 1937, c. 439, that the operation, control and use of the automobile were not with the express or implied consent of the insured, had been sustained. It rested principally on the testimony of witnesses. There was evidence sufficient to sustain the burden of proof.

The judge did not rule that because Keane had no permission to operate the automobile he was not responsible to the owner for its operation at the time of the accident.

The cases upon which the plaintiff relies are based upon the well settled principle that a breach of the terms of a bailment of an automobile by the bailee does not deprive him of his responsibility to the owner or deny him the benefit of the indemnity provided in a compulsory liability policy issued in accordance with G. L. (Ter. Ed.) c. 90, § 34A. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532.   *Boudreau* v. *Maryland Casualty Co.* 287 Mass. 423.   *Blair* v. *Travelers Ins. Co.* 288 Mass. 285.   In the present case, there was no bailment of the automobile and Keane's possession of it was without the express or implied consent of the owner. *Moschella* v. *Kilderry*, 290 Mass. 62.   *Novo* v. *Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232.   *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368.   *Bresnahan* v. *Lumbermens Mutual Casualty Co.* 297 Mass. 555. *Gearin* v. *Walsh*, 299 Mass. 145.   *Woznicki* v. *Travelers Ins. Co.* 299 Mass. 244.   *Restighini* v. *Hanagan, ante,* 151.

*Decree affirmed.*