PAULINE DISTASIO vs. SURRETTE STORAGE BATTERY CO.

Essex.   December 7, 1943. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, & WILKINS, JJ.

*Nuisance. Equity Pleading and Practice,* Findings by judge, Inferences,
   Appeal.

On appeal in a suit in equity without a report of the evidence, this court
   may draw proper inferences from material facts found and reported
   by the trial judge under G. L. (Ter. Ed.) c. 214, § 23.
Findings in a suit in equity to enjoin a nuisance and for damages, that
   noise, odors, smoke and vibration from the defendant's factory had
   been offensive to ordinary persons and had caused damage to the
   plaintiff in a certain amount, although, after improvements were made
   by the defendant, odors, smoke and vibration were not sufficiently of-
   fensive to entitle the plaintiff to damages or an injunction respecting
   them; and that, even after the making of the improvements, noise
   from the factory, which could have been reduced by further changes,
   continued to be offensive to ordinary persons and a nuisance, warranted
   an inference of unreasonable conduct on the part of the defendant, both
   before and after the making of the improvements, and justified a decree
   awarding damages for the period preceding the making thereof and,
   after a period allowed the defendant for reduction of the noise, en-
   joining the operation between the hours of 11 P.M. and 7 A.M. of certain
   machinery which produced the noise.
It is not open to the appellant from a decree in a suit in equity to com-
   plain that the trial judge, who made and reported findings of material
   facts under G. L. (Ter. Ed.) c. 214, § 23, without a report of the
   evidence, ought specifically to have made an additional subsidiary
   finding.

BILL IN EQUITY, filed in the Superior Court on February
7, 1941.

The defendant appealed from a final decree entered after
a hearing by *Brogna*, J.

The case was argued at the bar in December, 1943, before
*Field*, C.J., *Donahue, Lummus, Qua,* & *Cox*, JJ., and, after
the retirement of *Donahue* & *Cox*, JJ., was submitted on
briefs to *Dolan, Ronan,* & *Wilkins*, JJ.

*Lee M. Friedman* & *C. W. Spencer*, for the defendant.

*H. A. Simon*, for the plaintiff.

QUA, J.   This bill is brought to enjoin an alleged nuisance

in the carrying on of the defendant's battery manufacturing plant in the vicinity of the plaintiff's residence in Salem, and for damages. The evidence is not reported, but the judge made findings of material facts. G. L. (Ter. Ed.) c. 214, § 23. He took two views of the premises, one of them in the night time.

From findings which need not be recited in detail it appears that the defendant's factory and the plaintiff's house are located on or near the line of demarkation between an area devoted to industrial uses and an area devoted to residential uses. There are properties of both characters in the vicinity. The plaintiff's house is about sixty feet from the defendant's engine room and is on the opposite side of the street. The defendant operates four diesel engines. Some of these engines and their generators are in operation all the time. About seventy-five per cent of the defendant's product is for the army and navy. When the judge took his view at night, "a constant murmur or rumble and a continuous tapping or drumming" could be heard at least two hundred fifty feet from the engine room. The noise, especially during warm weather when people keep their windows open, is "offensive, discomforting, annoying and harmful to ordinary persons situated as the plaintiff is." In his findings the judge referred to this condition as a nuisance. He found that if equipment to suck air into the engine room is installed and the windows eliminated the noise will be greatly reduced. He further found that fumes, smoke, and vibration, in addition to noise, had caused the plaintiff and others such discomfort, annoyance, and irritation of the throat as would affect persons of ordinary sensibilities, and that vibration had caused physical damage to the plaintiff's house, but that after the defendant had made improvements "the odors, the smoke and the vibration, although disquieting, giving due weight to their nature and extent and the general character of the neighborhood, are not sufficiently offensive and harmful to entitle the plaintiff to damages or to an injunction." He gave the plaintiff the sum of $750 as damages for the period before the improvements, and after allowing the defendant ninety days in

which to reduce the noise, he granted an injunction against the operation of the engines and generators between the hours of 11 P.M. and 7 A.M.

The defendant's position in substance is that fumes, odors, smoke, vibration, and noise from a factory do not constitute a nuisance unless under all the circumstances they are unreasonable (*Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 488; *Tortorella* v. *H. Traiser & Co. Inc.* 284 Mass. 497, 501; *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24, 27); that the judge has not found that the conduct of the defendant, either before or after the improvements, was unreasonable; and that where a case comes here as this does on findings of material facts under the statute, no findings not expressly made can be implied from the decree. *Topor* v. *Topor*, 287 Mass. 473, 476. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561–562. *Matter of Loeb*, 315 Mass. 191, 195. But the principle last stated does not prevent this court from drawing proper inferences from the facts expressly found, just as such inferences might be drawn from facts found by a master. *Knowles* v. *Knowles*, 205 Mass. 290, 294. *M. Steinert & Sons Co.* v. *Tagen*, 207 Mass. 394. *Fairbanks* v. *McDonald*, 219 Mass. 291, 297. *LaChance* v. *First National Bank & Trust Co.* 301 Mass. 488. The fact that before the improvements were made the defendant's conduct was unreasonable should be inferred by us from the facts reported by the judge, including the facts that damage to the amount of $750 was caused to the plaintiff, and that thereafter the defendant could and did remedy conditions to such a degree that, "giving due weight" to the "nature and extent" of the remaining odors, smoke, and vibration, and to "the general character of the neighborhood," they are no longer "sufficiently offensive and harmful to entitle the plaintiff to an injunction." That the noise still remaining is unreasonable has in effect been found by the judge when, stating that he takes "all the circumstances into consideration," he terms it a "nuisance." On this part of the case the defendant's real complaint is that the judge did not more finely subdivide his findings by making a separate subsidiary finding of the element of unreasonable-

ness necessary to the more general finding of a nuisance. No issue on this ground is open on this appeal. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215. *Tracy* v. *Bishop,* 298 Mass. 182, 185. *Carilli* v. *Hersey,* 303 Mass. 82, 87. *Adams* v. *Adams,* 308 Mass. 584, 587. *Quigley* v. *Quigley,* 310 Mass. 415, 416. *Wiley* v. *Fuller,* 310 Mass. 597, 599.

The complete answer to the defendant's argument is that it does appear from the judge's findings by fair interpretation of his words and by such inference of fact as we ought to draw from facts expressly found that the defendant's conduct both before and after the improvements was, under all the circumstances, unreasonable.

*Decree affirmed with costs.*