S. MARVIN WEBBER *vs.* JAMES NAPOLITANO. January 3, 1947. Decree affirmed with costs. This is a suit in equity brought by the plaintiff, an attorney at law, to recover the sum of $250 for legal services rendered by the plaintiff to the defendant in connection with obtaining for the defendant from the licensing board of the city of Boston a lodging house license for the premises at 20 Common Street, Boston, and to reach and apply in satisfaction thereof under G. L. (Ter. Ed.) c. 214, § 3 (7), certain property of the defendant. The defendant filed an answer admitting some and denying others of the allegations of the bill of complaint, and further answered by way of counterclaim that "the plaintiff unreasonably, maliciously and without right retained possession of the lodging house keeper's license . . . and in spite of repeated demands therefor by the defendant refused and neglected to turn over said license to the. defendant for a period of twenty (20) days," and that the defendant "was deprived of the light to conduct the aforementioned lodging house and was unable to conduct the business of a lodging house and was prevented from earning any income from said lodging house for said period of twenty (20) days, all to his great damage which he seeks to recover herein." The plaintiff by way of answer to the counterclaim admitted "the alleged demands" and admitted that "he refused . . . to turn over to the defendant the lodging house keeper's license," but denied that he neglected to do so, that "he withheld the said license for a period of twenty (20) days from the defendant," and that "he, the plaintiff, unreasonably, maliciously and without right, retained possession of said license." The plaintiff also answered that he admitted that "he retained possession of the lodging house keeper's license issued in the name of the defendant and says that he did so legally as he had an attorney's lien on the said license as provided by" St. 1945, c. 397. A decree was entered adjudging that the sum of $250 is due from the defendant to the plaintiff, ordering the defendant to pay to the plaintiff said sum with interest thereon to the date of payment, and ordering the counterclaim dismissed. The defendant appealed, and now contends that the counterclaim was wrongly dismissed. There was no error. The evidence is not reported. There is, however, a report of material facts by the judge reciting findings that "the plaintiff rendered the services for which he was employed and that his charge for his employment, namely $250, is fair and reasonable compensation," and that "the plaintiff received from the licensing board a lodging house license which he obtained from the licensing commission for the benefit of his client the defendant, but I do not find that he retained said license unreasonably, maliciously and without right." The decree is supported by the findings of material facts. These facts are not mutually inconsistent, nor are they plainly wrong, or incompatible with the pleadings. See *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215. They are not incompatible with the admission by the plaintiff of "the alleged demands" by the defendant for the license or with the plaintiff's admission that he retained possession of the license and refused to turn it over to the defendant. The admitted facts, which did not include the terms of the employment of the plaintiff by the defendant or the period of

retention of the license by the plaintiff, did not require a finding that the plaintiff retained the license "unreasonably, maliciously and without right." This is true whether or not the plaintiff had any right under St. 1945, c. 297, amending G. L. (Ter. Ed.) c. 221.

*J. Saklad,* for the defendant.

*S. M. Webber,* for the plaintiff.