JOHN T. KILEY *vs.* THEODORE STANLEY & another. February 1, 1952. Decree affirmed with costs of appeal. This is a bill in equity filed under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10), to reach and apply the proceeds of a motor vehicle liability policy, issued by the defendant insurance company

to one Moffett, in satisfaction of a judgment recovered by the plaintiff against the defendant Stanley who was operating Moffett's automobile accompanied by one Fuery. The judge found that Moffett lent her automobile to one Meecham who permitted his chauffeur Fuery, to operate it. The sole question presented by the plaintiff is whether the mere fact that Fuery was with Stanley requires as matter of law "a ruling that the automobile was upon the highways with the implied consent of the assured." We have no report of the evidence. The findings indicate that the evidence would not support any such ruling. Indeed, the only inference that can be drawn from them, *Distasio v. Surrette Storage Battery Co.* 316 Mass. 133, 135; *Perkins v. Becker's Conservatories, Inc.* 318 Mass. 407, 411, is that Stanley was not a person responsible to Moffett for the operation of her automobile with her implied consent. The indemnity of the policy cannot be reached to secure a judgment against Stanley. Whether it could be if the judgment were against Fuery is not open. The decree dismissing the bill was right. The plaintiff's motion to substitute Fuery for Stanley is denied. *Moschella v. Kilderry,* 290 Mass. 62. *Novo v. Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232. *Woznicki v. Travelers Ins. Co.* 299 Mass. 244. *White v. Standard Accident Ins. Co.* 302 Mass. 474.

*H. Lawlor,* (*J. J. Kiley* with him,) for the plaintiff.

*C. W. Sloane,* for the defendant London Guarantee and Accident Company, Limited.