JOHN N. COLBY, JR. vs. METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY.

Norfolk. April 3, 1995. - July 19, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Insurance*, Motor vehicle insurance, Underinsured motorist, Construction
of policy, Commissioner of Insurance. *Words*, "Because of bodily
injury."

The Commissioner of Insurance acted within his discretion in approving a
standard policy of motor vehicle insurance, as conformable with G. L.
c. 175, § 113L, that set forth an underinsured motorist provision not
applicable to protect the named insured when the underlying bodily in-
jury or death was sustained by a person not insured by the policy. [804-
806]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 26, 1993.

The case was heard by *Patrick J. King*, J., on motions for
summary judgment.

The Supreme Judicial Court granted an application for di-
rect appellate review.

*J. Michael Conley* for the plaintiff.

*Alice Olsen Mann* (*William P. Rose* with her) for the
defendant.

O'CONNOR, J. On January 5, 1992, Michael L. Colby was
operating his automobile insured by Liberty Mutual Insur-
ance Company when it was involved in a collision with an
automobile operated by Angela Colasanti. Michael Colby
was killed in the accident. Colasanti was insured by a policy
issued by Commerce Insurance Company providing bodily
injury liability limits of $25,000 per person and $50,000 per
accident. Neither Liberty Mutual Insurance Company nor
Commerce Insurance Company is a party to this action. The

plaintiff, John N. Colby, Jr., was Michael's father and the named insured in an automobile policy issued by the defendant, Metropolitan Property and Casualty Insurance Company (Metropolitan). The policy provided underinsured motorist coverage with limits of $100,000 per person and $300,000 per accident. Metropolitan rejected the plaintiff's claim for payment, pursuant to his underinsured motorist coverage, of his consortium-like damages due to the loss of his son. See G. L. c. 229, § 2 (1992 ed.).

As a result, the plaintiff brought this action against Metropolitan. The complaint was entitled "Complaint for Declaratory Judgment" and demanded a judgment declaring, among other things, that the "[p]laintiff is entitled to Underinsured Motorist Coverage for his individual claims and damages arising from the death of Michael L. Colby in the accident caused by Angela Colasanti." Although, coincidentally, the plaintiff was the administrator of the estate of his son, Michael, it is clear that he did not bring this action as administrator either on behalf of Michael's estate or pursuant to G. L. c. 229, § 2, but brought it on his own behalf in his individual capacity. As he states in his reply brief, the action "is fundamentally an action in contract for indemnification . . . . The controversy is . . . a contractual issue between a policy holder [John N. Colby, Jr.,] and an insurer." Thus, this case is significantly different from *Smart* v. *Safety Ins. Co.*, 419 Mass. 144 (1994), which focuses on the rights of the estate of an individual who, like Michael L. Colby, was insured under his own automobile policy and was killed in a collision. As the plaintiff states in his reply brief, "the *Smart* decision . . . simply establish[es] the proposition, with which the plaintiff in this case has no quarrel, that because Michael Colby had his own policy, the claims of Michael Colby and of the Estate of Michael Colby, (as distinguished from the claims of John N. Colby, Jr.), would not be compensable under John N. Colby, Jr.'s policy."

In this case, both parties moved for summary judgment. A judge decided the motions on a stipulation of facts, the standard Massachusetts automobile insurance policy with 1991

Massachusetts mandatory endorsement, and the coverage selections page in Michael Colby's automobile policy. The judge allowed Metropolitan's motion, denied that of the plaintiff, and issued a judgment declaring that "the plaintiff is not entitled to recover underinsured motorist benefits under the [policy] issued to him by the defendant, Metropolitan Property & Casualty Insurance Company, because he did not sustain 'bodily injury' in the accident upon which he bases his claim. It is further ordered and adjudged that the plaintiff is not entitled to recover underinsured motorist benefits under the policy issued to him by the defendant because the plaintiff's decedent had a policy of his own in effect at the time of the accident and he would, therefore, not have been entitled to recover such benefits under the Metropolitan policy had he survived the accident. Accordingly, the defendant's motion for summary judgment is hereby allowed and the plaintiff's cross-motion for summary judgment is denied." The plaintiff appealed, and we allowed his application for direct appellate review. We affirm the judgment entered in the Superior Court insofar as it declares that the plaintiff is not entitled to recover underinsured motorist benefits under the policy issued to him by Metropolitan.

The plaintiff's insurance policy with Metropolitan provides in "Part 12. Bodily Injury Caused by an Underinsured Auto," including the 1991 Massachusetts mandatory endorsement, as follows:

> "Sometimes an owner or operator of an auto legally responsible for an accident is underinsured. Under this Part, we will pay damages for bodily injury to people injured or killed as a result of certain accidents caused by someone who does not have enough insurance. We will only pay if the injured person is legally entitled to recover from the owner or operator of the underinsured auto. An auto is underinsured when the limits for automobile bodily injury liability insurance covering the owner and operator of the auto are:

"1. Less than the limits shown for this Part on your Coverage Selections Page; and

"2. Not sufficient to pay for the damages sustained by the injured person."

The tortfeasor's (Colasanti's) automobile liability insurance limits of $25,000 per person and $50,000 per accident were less than the $100,000/$300,000 underinsured motorist coverage of the plaintiff's Metropolitan policy, and we shall assume, favorably to the plaintiff, that Colasanti's liability coverage would not be sufficient to pay for the damages sustained by the plaintiff. See G. L. c. 229, § 2, incorporating by reference G. L. c. 229, § 1.

The policy goes on to provide in relevant part the following:

"We will pay damages to or for:

"1. You, while occupying your auto, while occupying an auto you do not own, or if injured as a pedestrian.

"2. Any household member, while occupying your auto, while occupying an auto not owned by you, or if injured as a pedestrian. If there are two or more policies which provide coverage at the same limits, we will only pay our proportionate share. We will not pay damages to or for any household member who has a Massachusetts auto policy of his or her own or who is covered by a Massachusetts auto policy of another household member providing similar coverage with higher limits.

"3. Anyone else while occupying your auto. We will not pay damages to or for anyone else who has a Massachusetts auto policy of his or her own or who is covered by a Massachusetts auto policy of any household member providing similar coverage.

"4. Anyone else for damages he or she is entitled to recover because of injury to a person covered under this Part.

"If you are injured while occupying your auto and you have two or more autos insured with us with different limits, we will only pay up to the limits shown on your Coverage Selections Page for the auto you are occupying when injured.

"If you are injured as a pedestrian or while occupying an auto you do not own and you have two or more Massachusetts auto policies which provide coverage at different limits, the policy with the higher limits will pay. If there are two or more policies which provide coverage at the same limits, we will only pay our proportionate share.

". . .

"If only one person sustains bodily injury, we will pay any unpaid damages up to the difference between the total amount collected from the automobile bodily injury liability insurance covering the owner and operator of the responsible auto and the 'per person' limit shown for this Part on your Coverage Selections Page. This is the most we will pay for injuries to one or more persons as the result of bodily injury to any one person in any one accident.

"If two or more people sustain bodily injury and are entitled to coverage under this Part, we will pay any unpaid damages up to the difference between the automobile bodily injury liability insurance 'per accident' limit covering the owner and operator of the responsible auto and the 'per accident' limit shown for this Part on your Coverage Selections Page. This is the most we will pay for injuries to two or more people as the result of bodily injury to two or more people in any one accident."

It is clear that the plaintiff, who was the named insured in the Metropolitan policy, is not within any of the four classifications of persons the insurer agreed it would "pay damages to or for." The first classification, "You, while occupying your auto, while occupying an auto you do not own, or if injured as a pedestrian," refers to the plaintiff as the named insured (you) under conditions which were not met since the plaintiff's injuries or losses were not incurred while he was the occupant of his or another person's automobile nor were they incurred while he was a pedestrian. The second and third classifications of persons that Metropolitan agreed to "pay damages to or for" were persons other than the plaintiff named insured (you) such as members of the insured's household and "[a]nyone else" in specified circumstances. The plaintiff, therefore, does not fall into any of those categories of persons described as beneficiaries of the underinsurance provisions of the policy. A reading of "Part 12. Bodily Injury Caused by an Underinsured Auto" as a whole makes clear that classifications 1, 2, and 3 protect only persons who themselves have suffered bodily injury in an accident involving a motor vehicle. Classification 4, on the other hand, refers to individuals who are legally entitled to recover consortium or consortium-like damages resulting, however, solely from bodily injuries sustained by persons insured under the policy, that is, by members of classifications 1, 2, or 3 ("4. Anyone else for damages he or she is entitled to recover *because of injury to a person covered under this Part*" [emphasis added]). See *Manning* v. *Fireman's Fund Am. Ins. Cos.*, 397 Mass. 38, 41 (1986).

The plaintiff's argument does not focus on the language of the Metropolitan policy as demonstrating his entitlement to underinsured motorist benefits in this case. Instead, invoking the principle enunciated in *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 453-454 (1985), that a standard automobile policy cannot prevail over contrary statutory language or legislative policy, the plaintiff argues that G. L. c. 175, § 113L (1) and (2), requires that his policy provide him with the benefits he seeks even though no person covered by the policy

suffered bodily injury or death. It is enough, the plaintiff contends, that the plaintiff sustained injury in the form or likeness of loss of consortium as a consequence of the bodily injury and death of his son who was not insured under the plaintiff's policy.

General Laws c. 175, § 113L, provides in pertinent part:

> "(1) No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle . . . registered in this state unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury, sickness or disease, including death resulting therefrom . . . .

> "(2) For the purpose of said coverage, if the policyholder . . . elects to purchase the coverage described in this paragraph, the term 'uninsured motor vehicle' shall also include protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles . . . to which a bodily injury liability bond or policy applies at the time of the accident and its bodily injury liability bond amount or policy limit is less than the policy limit for uninsured motor vehicle coverage and is insufficient to satisfy the damages of persons insured thereunder and only to the extent that the uninsured motor vehicle coverage limits exceed said limits of bodily injury liability subject to the term of the policy. . . ."

The plaintiff argues that § 113L, governing uninsured and underinsured motorist coverage, mandates that a standard Massachusetts automobile insurance policy provide protection to persons insured thereunder who are legally entitled to recover damages "because of bodily injury." Then the plain-

tiff asserts that he meets those criteria because he is a person insured under the policy in question and he is entitled to recover damages "because of bodily injury" and death sustained by Michael.

The plaintiff is correct in asserting that, being a standard Massachusetts automobile insurance policy, the policy in question must conform to statute. It is also true, however, that within the limits set by statute, the Commissioner of Insurance (commissioner) decides what the terms of a standard policy will be, *LeCuyer* v. *Metropolitan Property & Liab. Ins. Co.*, 401 Mass. 709, 712 (1988), *Liberty Mut. Ins. Co.* v. *Commissioner of Ins.*, 395 Mass. 765, 771-774 (1985), and the commissioner's interpretation of the relevant statutes, although not controlling, is entitled to deference. *Massachusetts Medical Soc'y* v. *Commissioner of Ins.*, 402 Mass. 44, 55 (1988). *American Family Life Assurance Co.* v. *Commissioner of Ins.*, 388 Mass. 468, 474-475, cert. denied, 464 U.S. 850 (1983). By approving the policy in issue here, the commissioner made clear that, in the commissioner's opinion, G. L. c. 175, § 113L, does not require that the underinsured motorist provision of a standard automobile policy protect the named insured when the underlying bodily injury or death was sustained by a person not insured by the policy. In our view, the commissioner acted within his discretion in deciding, in effect, that the words "because of bodily injury, sickness or disease, including death resulting therefrom," appearing in G. L. c. 175, § 113L, refer to bodily injury, sickness, disease, or death sustained by an insured under the relevant policy. The result is that the policy language need not be enlarged to meet statutory requirements. We affirm the judgment entered in the Superior Court insofar as it declares that the plaintiff is not entitled to recover underinsured motorist benefits under the policy issued to him by the defendant, Metropolitan Property and Casualty Insurance Company.

*So ordered.*