Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8B appeal by the defendant insurance company from a judgment in the amount of $1,338.56 entered for its insured, plaintiff Aida Depena. At issue is the scope of the limited collision coverage afforded by the Massachusetts Automobile Insurance Policy (Sixth Ed.) and G.L.c. 90, §340.
The facts have been agreed upon. On November 1, 1994, the plaintiff’s vehicle was struck by a stolen automobile. The owner of that automobile is known, but the operator who fled from the scene after failing to stop at a stop sign has never been identified. Following the accident, the plaintiff presented defendant Horace Mann Insurance Company with a claim under the limited collision coverage of her automobile insurance policy. The plaintiff did not have full collision coverage. The defendant denied the claim on the ground that as the operator of the stolen vehicle which struck the plaintiff was never identified, the plaintiff was not legally “entitled to recover in court against an identified person” as required by the insurance policy.
The policy in question obligated the defendant to “pay in some situations for direct and accidental damage to the auto caused by a collision.” The policy further provided that:
We will pay under this Part for multiple car accidents in which the driver of the auto we are covering was no more than 50% at fault. We will not pay if the owner of the other auto cannot be identified. After a claim under this Part we are required to determine whether the driver of the auto we are covering was more than 50% at fault. We will notify you of our determination.
We will consider the driver of the auto covered under this Part to be no more than 50% at fault if:
*225 1. That auto was legally parked when struck by another auto.
2. That auto was struck in the rear by another auto moving in the same direction.
3. The operator of the other auto was convicted of certain violations listed in Massachusetts law or any similar law of another state in which the accident occurs. However, we will not pay if the operator of the auto covered under this Part was also convicted of one of the same violations.
4. That driver is entitled to recover in court against an identified person for some reason other than those listed above.
Construing the word “if’ in the second paragraph to mean “only if,” the defendant contends that as the plaintiff’s claim did not fit into one of these four categories, she was not covered. The plaintiff’s position, with which the trial court agreed, is that the four situations listed above are meant to be only examples and that she was covered as long as she was “no more than 50% at fault” for the accident. We conclude that the plaintiff was not covered for the loss in question, and, accordingly, reverse the trial court’s judgment.
“Although reading the words of an insurance policy, as any contract, in accordance with their ordinary meaning is a sound starting point for construction..., that approach is less sound when, as here, the content of a policy is substantially dictated by statute, and the form of the policy is reduced to a standard one.” Amica Mutual Ins. Co. v. Bagley, 28 Mass. App. Ct. 85, 90 (1989). Thus as the standard Massachusetts automobile insurance policy “must conform to [the] statute,” Colby v. Metropolitan Prop. and Casualty Ins. Co., 420 Mass. 799, 806 (1995), our interpretation of the limited collision provision of the policy must be consistent with G.L.c. 90, §340.
Section 340 provides that where an insured has limited collision coverage, the insurer, subject to any applicable deductible,
shall pay ... to the insured ... for direct and accidental loss of or damage to the insured motor vehicle in cases described in clauses (a) to (d), inclusive ... without regard to comparative negligence attributable to the operator of the vehicle which is not in excess of fifty percent.
Clauses (a) to (d) mirror the four coverage situations in the insurance policy quoted above, albeit in a different order. Over the years, the manner in which the Legislature has referred to these four situations has changed. When the no-fault insurance scheme was originally enacted, the Legislature spoke with unmistakable directness. Under what was then called “Restricted Coverage, “ the insurer was obligated to pay in the listed situations “and no others.” St. 1971, c. 978, §1. By 1976, this refreshingly direct language was replaced by the blander reference to “cases described in clauses (a) through (d).” St. 1976, c. 266, §7. In the present version of the statute, “through” has been changed to “to,” and “below” has yielded to “inclusive.” While the present version is not as clear as the original “and no others” language, it does indicate that the four situations specifically listed are not mere examples of coverage. The term “inclusive” is defined in BLACK’S LAW DICTIONARY 763 (6th ed. 1990) as “comprehending the stated limits or extremes.” See also WILLIAM C. BURTON, LEGAL THESAURUS 269 (1980), where “inclusive” is noted as synonymous with “all-embracing,... comprehensive, comprising, consisting of,... exhaustive,... sweeping, [and] total.”
More fundamentally, the statute does not set forth a rule of coverage which is then followed by examples of such coverage. The rule of coverage stated in the first sentence of §340(2) incorporates within it, and expressly applies to, the situations described in clauses (a) to (d). There is absolutely nothing to indicate that the insurer would be obligated to pay in situations other than these four. Clauses (a) to (d) are not referred to as examples. To adopt the plaintiff’s contention, that these four clauses simply describe situations where “there is a conclusive presumption that the claimant is not more than fifty *226 percent at fault,” would require a court, without authority or justification, to rewrite the statute. See generally, Bratcher v. Galusha, 417 Mass. 28, 30-31 (1994); Mellor v. Berman, 390 Mass. 275, 283 (1983).
Other parts of §340 further demonstrate that these four situations were not intended as mere examples of some greater or general limited collision coverage. Clause (d) provides for coverage where the operator of the other vehicle in the accident was convicted of certain violations. However, it also provides that “[n]o coverage is created under this clause” if the operator of the insured’s vehicle is similarly convicted. Such an exclusion of coverage would be inconsistent with the interpretation advanced by the plaintiff herein that the insurer must pay whenever the driver of the insured vehicle was no more than 50% at fault. The conviction of the operator of the insured’s vehicle would not necessarily mean that he was more than 50% at fault. Further, the statute later provides that “[a] person making claim against an insured on account of property damage or under clause (a) of limited collision coverage may submit to the insurer a written demand” for payment. The insurer then has a certain amount of time to determine whether it will pay. Clause (a) is the only one of the four situations listed where the insurer must make a judgment as to whether it will pay. If these clauses were only examples, as the plaintiff argues, there would be a host of other situations calling for a similar assessment to which the claim procedure outlines would have referred at least genetically.
Moreover, it makes sense that limited collision coverage applies to the four listed situations and no others. The insurer is obligated to pay in three, straightforward situations where it is highly unlikely that the insured caused the accident (i.e., where the insured was hit while parked, where his vehicle was hit in the rear, or where the other driver was intoxicated or guilty of some other violation). The remaining clause (a) applies to “[cjases in which the insured is entitled to recover in tort for such loss or damage against another identified person.” The insured in such cases is required to “take all steps necessary to preserve the insurer’s right of subrogation.” Plainly, clause (a) was meant to be a catch-all .description for all other covered situations. Clause (a) describes a category of coverage rather than specific situations. It limits coverage to cases where the insurer would be able to look for recovery by way of subrogation from some identified person. It is reasonable to infer that the Legislature was unwilling to obligate the insurer beyond the three specific situations in clauses (b) through (d) without this added protection. If, conversely, the insurer were obligated to pay whenever the driver of the insured vehicle was no more than 50% at fault, there would be no reason to distinguish between cases where the other driver was identified and where he was not.
A fair reading of the insurance policy reveals no inconsistency with the statute. Unlike the statute, the policy sets out a general rule of coverage (“[w]e will pay under this Part for multiple car accidents in which the driver of the auto we are covering was not more than 50% at fault”). The policy then goes on to list the situations where the driver of the insured vehicle will be considered no more than 50% at fault. The situation where the “driver is entitled to recover in court against an identified person” is significantly listed last. Such positioning and the addition of the language “for some reason other than those listed above” demonstrate, even more clearly than the statute itself, that this provision is meant to be a catch-all description of all other situations where limited collision coverage will apply. Thus there is no indication that the Commissioner of Insurance, by approving this form, was making a conscious attempt to interpret an otherwise ambiguous statute as opposed to putting the statutory provisions in a more readable format. Cf. Colby v. Metropolitan Prop. and Casualty Ins. Co., supra at 806. In any event, to the extent that the Commissioner was attempting to enlarge the coverage provided in §340(2), the policy provisions “would crash and would be taken to have been replaced implicitly by [provisions] conforming to the law.” Mailhot v. Travelers Ins. Co., 375 Mass. 342, 344 (1978).
Finally, we note that various treatises, while never actually addressing the issue posed in this appeal, have at least implicitly considered clauses (a) to (d) to constitute the total extent of limited collision coverage. See 2 NO FAULT AND UNINSURED MOTORIST *227 AUTOMOBILE INS., §17-50 [2] (MB 1992)(limited collision coverage is available in the four specified cases); 12 E. MARTIN & E.F. HENNESSEY, AUTOMOBILE LAW AND PRACTICE, §1156.50 (1967 and Supp. 1995)(“insurers must offer limited liability collision coverage ... under circumstances” described in the four statutory clauses); 36 H.J. ALPERIN & R.F. CHASE, CONSUMER RIGHTS AND REMEDIES, §366 (1979)(“limited collision coverage is available ... if the loss to the insured automobile occurred in specified circumstances and if any negligence attributable to the operator was not in excess of 50%); 20 MASS. JUR., INSURANCE, §17.75 (1995)(“[u]nder limited collision coverage the insurer must pay ... in specific enumerated cases”).
The trial court’s judgment for the plaintiff is reversed and vacated. Judgment is to be entered for the defendant.
So ordered.