NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReportersjc.state.ma.us

17-P-425                                      Appeals Court


     ANN SKIFFINGTON  vs.  LIBERTY MUTUAL INSURANCE COMPANY.


                        No. 17-P-425.

        Hampden.     November 9, 2017. - March 8, 2018.

          Present:  Meade, Shin, & Ditkoff, JJ.



Motor Vehicle, Insurance. Insurance, Motor vehicle insurance,
     Construction of policy, Coverage, Settlement of claim,
     Amount of recovery for loss.




     Civil action commenced in the Superior Court Department on
January 25, 2016.

     A motion to dismiss was heard by Constance M. Sweeney, J.


     Matthew T. LaMothe for the plaintiff.
     Daniel P. Tighe for the defendant.


     SHIN, J.  Following a motor vehicle accident, the

plaintiff, a third-party claimant, received reimbursement from

Liberty Mutual Insurance Company (Liberty Mutual) for the loss

of her vehicle.  She then sought additional payment for

(1) costs arising from loss of use of her vehicle, even though

she was unable to produce any documentation to Liberty Mutual

that she had paid for substitute transportation, and (2) her title and registration fees and the residual value of her inspection sticker. When Liberty Mutual denied liability for these claims, the plaintiff brought this putative class action, seeking declaratory relief under G. L. c. 231A and damages for unfair claim settlement practices under G. L. c. 93A, § 9, and G. L. c. 176D, § 3(9). On Liberty Mutual's motion, a Superior Court judge dismissed the complaint in its entirety under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and the plaintiff appeals. As we conclude that the plaintiff has failed to allege compensable damages, we affirm, modifying the judgment to declare the rights of the parties.

Background. We accept the allegations of the amended complaint as true for purposes of this appeal. See Goodwin v. Lee Pub. Schs., 475 Mass. 280, 284 (2016). In October of 2015, the plaintiff's 2005 Nissan Altima was struck by a driver whose vehicle was insured by Liberty Mutual under a standard Massachusetts automobile policy.[1] The plaintiff's vehicle was declared to be a total loss. After determining that its insured

---

[1] Copies of the policy and Liberty Mutual's responses to the plaintiff's G. L. c. 93A demand letter were attached to Liberty Mutual's motion to dismiss. The judge could consider these documents without converting the motion into one for summary judgment. See Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 224 (2011), S.C., 466 Mass. 156 (2013).

was responsible for the accident, Liberty Mutual reimbursed the plaintiff for the loss of her vehicle.

The plaintiff then sent Liberty Mutual a demand letter under G. L. c. 93A, claiming that she was also entitled to payment for loss of use, title and registration fees, and the residual value of her inspection sticker. Liberty Mutual sent a letter in response detailing its rationale for denying the claims. Liberty Mutual also requested, on at least two occasions, that the plaintiff provide "documentary or other proof indicating that she actually incurred" costs relating to loss of use -- such as receipts showing she rented a replacement vehicle or took public transportation. It is uncontested that the plaintiff never provided any such substantiation.

Discussion. We review de novo the judge's allowance of Liberty Mutual's motion to dismiss under Mass.R.Civ.P. 12(b)(6). See Goodwin, 475 Mass. at 284. In conducting our review, we "accept[] as true the facts alleged in the plaintiff['s] complaint and exhibits attached thereto, and favorable inferences that reasonably can be drawn from them." Ibid., quoting from Burbank Apartments Tenant Assn. v. Kargman, 474 Mass. 107, 116 (2016).

1. Loss of use. Despite failing to plead actual costs related to loss of use of her vehicle, the plaintiff contends that she is still entitled to some unspecified amount of damages

because the standard policy provides coverage whether or not she actually incurred costs for substitute transportation.  We disagree.  To determine what damages are compensable under the standard policy, we must interpret the policy's words "in light of their plain meaning, giving full effect to the document as a whole."  Given v. Commerce Ins. Co., 440 Mass. 207, 209 (2003) (citation omitted).  We consider "what an objectively reasonable insured, reading the relevant policy language, would expect to be covered."  Ibid., quoting from Hazen Paper Co. v. United States Fid. & Guar. Co., 407 Mass. 689, 700 (1990).  Furthermore, because the policy language is prescribed by the Commissioner of Insurance, we do not construe any ambiguities in it against the insurer.  Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 225 (2011), S.C., 466 Mass. 156 (2013).

 With respect to third-party claimants, coverage is governed by part 4 of the policy, which provides that the insurer "will pay . . . the amounts that [the third party] is legally entitled to collect for property damage through a court judgment or settlement," including "the costs resulting from the loss of use of the damaged property" (emphasis supplied).  We construe the word "costs" according to its "usual and accepted meaning."  Mount Vernon Fire Ins. Co. v. Visionaid, Inc., 477 Mass. 343, 348 (2017), quoting from Federal Natl. Mort. Assn. v. Rego, 474 Mass. 329, 334 (2016).  In ordinary usage "cost" refers to "the

amount or equivalent paid or charged for something," Merriam-Webster's Collegiate Dictionary 282 (11th ed. 2007); it means, in other words, an expense that is actually incurred. "As the plain meaning of the word . . . is clear, we do not deviate from it." Mount Vernon Fire Ins. Co., supra at 348.

Attempting to sidestep this plain language, the plaintiff asserts that the standard policy conflicts with G. L. c. 90, § 34O, as appearing in St. 1976, c. 266, § 7, which requires "[e]very policy of property damage liability insurance [to] provide that the insurer will pay on behalf of the insured all sums the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including loss of use thereof" (emphasis supplied). The plaintiff's assertion of a conflict is based on the fact that the statute does not refer explicitly to "costs." But that omission does not create any conflict with the policy because the statute also does not define what constitutes "loss of use thereof." It was therefore within the authority of the Commissioner of Insurance to fill in that gap when "decid[ing] what the terms of a standard policy will be." Colby v. Metropolitan Property & Cas. Ins. Co., 420 Mass. 799, 806 (1995). See Given, 440 Mass. at 213-214.

The tort decisions cited by the plaintiff do not aid her cause. None of those decisions directly addressed the question

whether a plaintiff can recover loss of use damages absent proof of any actual out-of-pocket expenses. And as a more general matter, the plaintiff does not explain why common-law tort principles should trump the plain language of the standard policy. See id. at 210-211 ("[T]he issue before us is not whether, in some other context, diminution in market value would be an appropriate method by which to calculate monetary damages for some form of injury to property," but whether "that is the form or measure of 'damage' that the standard policy is intended to cover").

Even assuming, moreover, that tort law informs our analysis, the plaintiff fares no better in light of our recent decision in Ramirez v. Commerce Ins. Co., 91 Mass. App. Ct. 144 (2017). At issue there was the provision in part 4 of the standard policy requiring reimbursement of "applicable sales tax." We held that the plaintiff was not automatically entitled to such reimbursement but, rather, had to "provide to the insurer proof of the payment of sales tax on a replacement automobile." Id. at 148. Citing tort cases, we reasoned that the insurer "is only responsible for placing the plaintiff in the same position as he was before suffering the loss." Id. at 147-148. Thus, the plaintiff had to "establish[] that [sales tax] is an element of the damages he incurred or will incur"

before he could recover "applicable sales tax" from the insurer. Id. at 148.

We similarly conclude that the plaintiff had to substantiate to the insurer that she incurred actual damages -- i.e., actual costs for substitute transportation -- to recover for loss of use under part 4 of the standard policy. As the plaintiff does not dispute that she did not incur actual costs, she is not entitled to loss of use damages.

2. Title, registration, and inspection fees. We decline to consider the plaintiff's claim that Liberty Mutual is liable for her title and registration fees and the residual value of her inspection sticker. The plaintiff does not point to any provision in the standard policy that would entitle her to reimbursement of those fees. Instead, she relies exclusively on tort law. But again, the scope of Liberty Mutual's obligation to pay is governed by the policy. See Given, 440 Mass. at 210-211. The plaintiff does not contend that title, registration, and inspection fees constitute "property damage" under part 4 of the policy or that they are covered by some other provision of the policy. As she has thus failed to make an adequate argument based on the language of the policy, we do not consider her claim.[2]

_____

[2] Our rejection of the plaintiff's arguments necessarily disposes of her claims that Liberty Mutual engaged in unfair

Conclusion.  Although there was no error in the judge's allowance of Liberty Mutual's motion to dismiss the complaint, the judge was required to make a declaration of the rights of the parties.  See Boston v. Massachusetts Bay Transp. Authy., 373 Mass. 819, 829 (1977).  The judgment below shall therefore be modified to declare that Liberty Mutual is not obligated to pay the plaintiff damages for loss of use, title or registration fees, or the residual value of her inspection sticker.  As so modified, the judgment is affirmed.

So ordered.

---

claim settlement practices in violation of G. L. c. 93A and G. L. c. 176D.  See Ramirez, 91 Mass. App. Ct. at 145 n.2.