NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1099

TOM'S ASHLAND AUTO, INC.

vs.

SAFETY INSURANCE COMPANY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal requires us to determine whether (1) under part 4 of the Massachusetts Standard Auto Policy (standard policy), an insurer is obligated to pay loss of use damages to the owner of a rented car damaged in a collision for which the insured is responsible; and (2) if not, whether the terms of the standard policy were within the limits set by G. L. c. 90, § 34O.  After reviewing de novo both the interpretation of the governing statute, G. L. c. 90, § 34O, and the terms of the standard policy, see Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 538 (2022), we conclude that (1) the plaintiff was not entitled to recover for its loss of use of the rented Toyota in the circumstances alleged in its complaint, and (2) the standard policy is not in conflict with G. L. c. 90, § 34O.  Accordingly,

we affirm the thoughtful decision and order of the Appellate Division of the District Court.

Background. "We accept the allegations of the amended complaint as true for purposes of this appeal." Skiffington v. Liberty Mut. Ins. Co., 93 Mass. App. Ct. 1, 2 (2018). The plaintiff, Tom's Ashland Auto, Inc.,[1] rented a Toyota to a person insured under the standard policy, issued by the defendant, Safety Insurance Company (Safety). The insured was using the Toyota as substitute transportation while her own vehicle was being repaired at the plaintiff's auto repair shop. In June 2018, the rented Toyota was damaged in a collision while parked and unoccupied. As a result of this collision, the plaintiff sought recovery from Safety under the standard policy for damages related to the rented Toyota.

As relevant here, the 2016 version of the standard policy included two provisions addressing property damage: part 4, compulsory coverage for "Damage to Someone Else's Property," and part 7, optional "Collision" coverage. See G. L. c. 90, § 34O (first par., fifth par.). The plaintiff made claims under the policy for both the collision damage to the Toyota and the loss

---

[1] In both its amended complaint and its brief on appeal, the plaintiff referred to "Tom's Ashland Auto, Inc." and "Tom's Auto Rental" interchangeably. We assume without deciding that "Tom's Ashland Auto, Inc." and "Tom's Auto Rental" are alter egos and refer to the two entities collectively as "the plaintiff."

of use of the Toyota during the time it was out of service for repairs.

Safety paid the plaintiff for collision damage to the rented Toyota under part 7 of the standard policy, which provides, as relevant here, "we will pay for any direct and accidental damage to your auto caused by a collision. . . . It does not matter who is at fault."  Safety did not, however, pay loss of use damages under part 4 of the standard policy.

Under part 4 of the standard policy,

"[the insurer] will pay for damage or destruction of the tangible property of others caused by an accident and arising from the . . . use of an auto. . . . The amount [the insurer] will pay is the amount the owner of the property is legally entitled to collect through a court judgment or settlement for the damaged property.  [The insurer] will pay only if [the insured] . . . is legally responsible for the accident.  The amount [the insurer] will pay includes, if any, . . . the loss of use of the damaged property.  The amount [the insurer] will pay does not include compensation for physical damage to . . . your auto." (Emphasis added).

As relevant here, the coverage under part 4 is limited by policy exclusion number 6:  "[W]e will not pay for damage to an auto or other property . . . which you or the legally responsible person rents or has in his or her care."

The plaintiff filed suit against Safety in the District Court for the loss of use damages and alleged violations of G. L. c. 93A and G. L. c. 176D for Safety's failure to pay the loss of use portion of its claim.  The complaint was dismissed

3

by a District Court judge for failure to state a claim upon which relief can be granted. See Mass. R. Civ. P. 12 (b) (6). A panel of the Appellate Division of the District Court affirmed the judge's ruling, and this appeal followed.

Discussion. 1. Coverage for loss of use.[2] "The interpretation of an insurance policy is a question of law, which we review de novo." Chenard v. Commerce Ins. Co., 440 Mass. 444, 445 (2003). "To determine what damages are compensable under the standard policy, we must interpret the policy's words 'in light of their plain meaning, giving full effect to the document as a whole.'" Skiffington, 93 Mass. App. Ct. at 3, quoting Given v. Commerce Ins. Co., 440 Mass. 207, 209 (2003). In doing so, "[w]e consider 'what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.'" Skiffington, supra. "We must also interpret the provisions of the standard policy in a manner consistent with the statutory and regulatory scheme that governs such policies." Given, supra.

Although both part 4 and part 7 of the standard policy provide coverage for collision-related third-party damage, loss

---

[2] Despite the attention given in the plaintiff's briefing to the question whether loss of use damages are recognized under Massachusetts law in the auto insurance context, that is not the question on which this appeal turns. The relevant inquiry is whether the loss of use coverage in part 4 applies in the circumstances of this case. We conclude that it does not.

4

of use coverage is only available under part 4 of the standard policy.  Reading part 4 as a reasonable insured would do, see Skiffington, 93 Mass. App. Ct. at 3, quoting Given, 440 Mass. at 209, we conclude that it does not apply here for at least two reasons.  First, part 4 does not provide coverage for damage to "your auto," a category defined in the policy to include "[a]ny auto while used as a temporary substitute for the [vehicle] described [on the Coverage Selections page] . . . while the described auto is out of normal use because of a . . . repair," and which, at the time of the collision, included the Toyota.  Second, because the insured was renting the Toyota at the time of the collision, the Toyota was subject to an express exclusion from part 4 coverage.

The fact that Safety paid the costs of repairing the Toyota under the insured's optional "collision" coverage does not change our view.  Coverage under part 7 does not extend to loss of use damages.[3]  Nor is Safety's payment under part 7

---

[3] The plaintiff's reliance on McGilloway v. Safety Ins. Co., 488 Mass. 610 (2021), for the proposition that we can read loss of use coverage into parts of the standard policy that are silent on the issue or into any "third-party" claim is unpersuasive.  In McGilloway, the question was whether consideration of "inherent diminished value" was part of "the amounts that person is legally entitled to collect for property damage through a court judgment or settlement."  Id. at 614.  Here, as we have noted, our task is not to determine whether loss of use damages are recoverable (we assume without deciding that they are), but whether they were available to the plaintiff under the terms of the insured's policy.

inconsistent with its denial of coverage under part 4; part 7 does provide coverage for "your auto" and does not exclude coverage for rental vehicles.[4]  Indeed, we agree with the reasoning of the Appellate Division in Tom's Ashland Auto, Inc. vs. Mapfre Ins., Mass. App. Div., No.18-ADCV-12NO, (Dist. Ct. Apr.30, 2018), 2018 Mass. App. Div. 94, a case strikingly similar to the one at bar, that were we to conclude otherwise, "Part 4 would provide the equivalent of the Collision coverage available under Part 7 on temporary rentals even if the insured had not purchased that coverage as the insured had here."  Id. at 95.

2.  G. L. c. 90, § 34O.  The plaintiff has not persuaded us that G. L. c. 90, § 34O, mandates coverage for its loss of use of the rented Toyota, nor that part 4 of the standard policy conflicts with the requirements of that section.

Under § 34O,

"Every policy of property damage liability insurance shall provide that the insurer will pay on behalf of the insured all sums the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including loss of use thereof, caused by accident and arising out of the ownership, maintenance or use, including loading and unloading of the insured motor vehicle, subject to a limit of not less than five thousand dollars because of injury to or destruction of property of others in any one accident" (emphasis added).

---

[4] Additionally, where an insured elects to purchase coverage under part 7, that coverage applies regardless of who is at fault for a collision.

G. L. c. 90, § 34O, second par. "[W]ithin the limits set by statute, the Commissioner of Insurance (commissioner) decides what the terms of a standard policy will be, and the commissioner's interpretation of the relevant statutes, although not controlling, is entitled to deference" (citations omitted). Colby v. Metropolitan Prop. & Cas. Ins. Co., 420 Mass. 799, 806 (1995). Here, G. L. c. 90, § 34O, expressly defines "property damage liability insurance" as "insurance containing provisions as prescribed in this section, among such other provisions, including conditions, exclusions, and limitations, as the commissioner of insurance may approve." G. L. c. 90, § 34O, first par.

The plaintiff has failed adequately to explain why policy exclusion number 6 to the coverage under part 4 amounts to an abuse of the commissioner's discretion. See Colby, 420 Mass. at 806 (the commissioner's interpretation of a statute is entitled to deference and where the commissioner acted within his discretion, that interpretation will be upheld). The question is not, as the plaintiff suggests, whether the language of the standard policy must be consistent with the terms of the statute -- we agree that it must be, see id. -- but whether the exclusion was within the commissioner's authority to approve. See G. L. c. 90, § 34O, first par. By approving the standard policy, including part 4 and policy exclusion number 6 in their

7

current form, the commissioner expressed the opinion that G. L. c. 90, § 34O does not require that the compulsory coverage under part 4 protect those in the business of renting cars for damage to their rolling stock.[5]  See Colby, supra.

3.  G. L. c. 93A and G. L. c. 176D.  The plaintiff's claims against Safety under G. L. c. 93A and G. L. c. 176D were premised on Safety's failure to pay the plaintiff under part 4 of the standard policy.  Given our conclusion that the plaintiff failed to make out a claim to its entitlement to those payments, its claims under G. L. c. 93A and G. L. c. 176D also fail.

Decision and order of the Appellate Division affirmed.

By the Court (Desmond, Hand & Grant, JJ.[6]),

Assistant Clerk

Entered:  June 21, 2024.

---

[5] We find further support for this view in the fact that the standard policy also exempts the insurer from paying under part 4 for damages resulting from the insured's use of an auto as "a public or livery conveyance," while "being used by anyone in the course of his or her employment in the business of selling, servicing, repairing or parking autos," and most business uses of vehicles other than "private passenger autos."

[6] The panelists are listed in order of seniority.