SUPREME JUDICIAL COURT 
 
 JEFFREY FRANK CUBBERLEY[1] & another[2] vs. THE COMMERCE INSURANCE COMPANY

 
 Docket:
 SJC-13563
 
 
 Dates:
 October 7, 2024 - January 30, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, & Wolohojian, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Motor Vehicle, Insurance. Insurance, Motor vehicle insurance, Coverage, Construction of policy. Contract, Insurance, Performance and breach, Damages. Value. Damages, Breach of contract. Practice, Civil, Damages, Standing, Motion to dismiss. Commissioner of Insurance. Insurance, Commissioner of Insurance. Administrative Law, Agency's interpretation of statute. Declaratory Relief.
 
 

       Civil action commenced in the Superior
Court Department on August 29, 2019.
      A motion to dismiss was heard by Hélène
Kazanjian, J.
      The Supreme Judicial Court granted an
application for direct appellate review.
      Kevin J. McCullough (Paul F.X. Yasi, Jr.,
also present) for the plaintiffs.
      Nelson G. Apjohn (Eric P. Magnuson also
present) for the defendant.
      The following submitted briefs for amici
curiae:
      Ben Robbins & Daniel B. Winslow for
New England Legal Foundation.
      Wystan M. Ackerman for American Property
Casualty Insurance Association & another.
      Marc A. Diller, Thomas R. Murphy, Kevin J.
Powers, J. Michael Conley, & John T. Ford for Massachusetts Academy of
Trial Attorneys.
      GEORGES, J.  In this case we consider whether part 4 of
the 2016 edition of the standard Massachusetts automobile insurance policy
(2016 standard policy) excludes coverage for "inherent diminished
value" (IDV)[3] damages to a third-party claimant's vehicle.  The plaintiffs, Jeffrey Cubberley and Philip
Seaver, commenced suit against The Commerce Insurance Company (Commerce),
personally and on behalf of a putative class of similarly situated individuals,
seeking declaratory relief -- a judgment declaring that Commerce was obligated
to cover IDV damages -- and compensation for Commerce's alleged breach of
contract for failing to pay these damages. 
Commerce successfully moved to dismiss the complaint on the ground that
it had no legal obligation to pay for IDV damages and that the plaintiffs
therefore failed to allege facts plausibly suggesting an entitlement to
relief.  We granted the plaintiffs'
application for direct appellate review. 
For the reasons discussed below, we affirm the dismissal of the
plaintiffs' complaint.[4]
      Background.  1. 
Facts.  We summarize the
allegations in the operative complaint, accepting them as true and drawing
every reasonable inference in favor of the plaintiffs.  Buffalo-Water 1, LLC v. Fidelity Real Estate
Co., 481 Mass. 13, 17 (2018).  
      Each plaintiff's vehicle was damaged in a
collision caused by another driver insured under a policy issued by
Commerce.  The policy included language
consistent with part 4 of the 2016 standard policy, which states, in relevant
part:
"The amount
we will pay is the amount the owner of the property is legally entitled to
collect through a court judgment or settlement for the damaged property.  We will pay only if you, a household member,
or someone else using your auto with your consent is legally responsible for the
accident.  The amount we will pay
includes, if any, applicable sales tax and the loss of use of the damaged
property.  The amount we will pay does
not include compensation for physical damage to, or towing or recovery of, your
auto or other auto used by you or a household member with the consent of the
owner, or any decreased value or intangible loss claimed to result from the
property damage unless otherwise required by law."  (Emphases omitted.)  
Each plaintiff,
as a third-party claimant, sought compensation from Commerce for damage to his
vehicle.  As part of their demands, the
plaintiffs provided supporting documentation for IDV damages.  Commerce acknowledged liability for the
damage caused by its insureds and processed the claims accordingly.  However, while Commerce covered the full cost
of repairs to restore the vehicles to their precollision condition, it refused
to compensate the plaintiffs for any alleged IDV.  As a result, each plaintiff's vehicle "is
now worth less in the resale market than a comparable vehicle that has not
suffered such damage from a collision." 

      2. 
Procedural history.  The
plaintiffs commenced a lawsuit in the Superior Court against Commerce, on
behalf of themselves and similarly situated individuals.[5]  The case was transferred to the business
litigation session, and the plaintiffs filed their first amended complaint the
following month.  
      The proceedings were stayed, pending the
outcome of McGilloway v. Safety Ins. Co., 488 Mass. 610 (2021).  This court then decided McGilloway, holding
that IDV damages were recoverable under part 4 of the 2008 edition of the
standard Massachusetts automobile policy (2008 standard policy), and the stay
was lifted.  Id. at 617.  
      Following the lifting of the stay, the
plaintiffs filed a second amended complaint. 
This complaint -- the operative complaint for present purposes --
alleged breach of contract, asserting Commerce failed to pay for IDV damages
under part 4 of the 2016 standard policy. 
The plaintiffs also sought a judgment declaring that "all [IDV]
damages should be, and are required to be, paid and/or tendered to third-party
claimants when Commerce's insured has been determined to be liable for the
associated third-party property damage." 

      Commerce moved to dismiss the claims
pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754
(1974).  The motion was granted in a
written decision in which the motion judge concluded that part 4 of the 2016
standard policy excludes coverage for IDV damages to third-party vehicles and,
therefore, Commerce had no obligation to pay the plaintiffs.[6]  Consequently, the judge did not address
whether the plaintiffs lacked standing to pursue their claims due to their
failure to secure a final judgment against the insureds before suing Commerce.  
      The plaintiffs appealed, and we granted
their request for direct appellate review. 

      Discussion.  1. 
Standard of review.  "We
review the allowance of a motion to dismiss de novo."  Curtis v. Herb Chambers I-95, Inc., 458 Mass.
674, 676 (2011).  In conducting our
review, we accept as true all the facts alleged in the complaint and draw all
reasonable inferences in the plaintiffs' favor. 
Flagg v. AliMed, Inc., 466 Mass. 23, 26 (2013).  Well-pleaded facts do not include
"[l]egal conclusions cast in the form of factual allegations."  Leavitt v. Brockton Hosp., Inc., 454 Mass.
37, 39 n.6 (2009).  "To survive a
motion to dismiss for failure to state a claim, the claimant must plausibly
allege an entitlement to relief above the speculative level."  Hornibrook v. Richard, 488 Mass. 74, 78
(2021), citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  
      2. 
Standing.  As an initial matter,
Commerce argues that the plaintiffs lack standing to pursue their breach of
contract claims because they failed to obtain final judgments against the
Commerce insureds.  We must resolve this
threshold issue, as standing is a prerequisite for a court to adjudicate a
dispute.  HSBC Bank USA, N.A. v. Matt,
464 Mass. 193, 199 (2013) (plaintiff must establish standing in order for court
to decide merits of dispute or claim).  
      Commerce bases its argument that the
plaintiffs lack standing on two statutes. 
First, G. L. c. 175, § 113, provides that "[u]pon
the recovery of a final judgment" against an insured person (i.e., the
"judgment debtor"), the injured party (i.e., the "judgment
creditor") is "entitled to have the insurance money applied to the
satisfaction of the judgment as provided in [G. L. c. 214,
§ 3 (9)]."  Second,
G. L. c. 214, § 3 (9), grants jurisdiction to this court
and the Superior Court over "[a]ctions to reach and apply the obligation
of an insurance company to a judgment debtor under a motor vehicle liability
policy . . . in satisfaction of a judgment covered by such policy."  
      Taken together, these statutes establish
that obtaining a valid final judgment against the insured judgment debtor is a
prerequisite to initiating an action against the insurer to reach and
apply.  See Rogan v. Liberty Mut. Ins.
Co., 305 Mass. 186, 188 (1940) ("A valid judgment was a prerequisite"
to suit against insurer).  In simpler
terms, a third-party claimant must first secure a final judgment against the
insured party before suing the insurer for an alleged failure to pay damages
under the policy.  See Martins v. Vermont
Mut. Ins. Co., 92 F.4th 325, 329 (1st Cir. 2024) (citing Rogan for conclusion
that, under Massachusetts law, "obtaining a judgment is a necessary
predicate for maintaining a cause of action against" insurer).  
      "[W]hen an issue involves an area of
law governed by a specific statute with a standing requirement, that issue is
governed by the standing requirements of the particular statute and not by a
general grant of standing."  Boston
Edison Co. v. Boston Redev. Auth., 374 Mass. 37, 46 (1977).  Here, the plaintiffs' breach of contract
claim falls under G. L. c. 175, § 113, and G. L.
c. 214, § 3 (9), as that claim effectively seeks "to reach
and apply the proceeds of a motor vehicle liability policy, issued by
[Commerce], in satisfaction of a judgment [as yet] recovered by the
plaintiff[s] against the [insureds]." 
Kiley v. Stanley, 328 Mass. 652, 652-653 (1952).  Thus, the question of standing is governed by
the requirements of these statutes.  See
Boston Edison Co., supra.  
      Rather than obtaining final judgments
against the insureds as required, the plaintiffs directly sued Commerce,
alleging breach of contract as third-party beneficiaries of the 2016 standard
policy.  Because the plaintiffs failed to
satisfy the statutory prerequisite outlined in G. L. c. 175,
§ 113, they lack standing to pursue their breach of contract claims.[7]  Consequently, while we do not address the
merits of their breach of contract claim as the motion judge did, we affirm the
dismissal.  See Murchison v. Zoning Bd.
of Appeals of Sherborn, 485 Mass. 209, 218 (2020) (where plaintiffs "lack
standing . . . we order[] dismissal of the appeal without reaching
the merits").  See also Feeney v.
Dell Inc., 454 Mass. 192, 211 (2009) ("we may consider any ground apparent
on the record that supports the result reached in the trial court").[8]
      3. 
The meaning of the 2016 standard policy. 
Where a plaintiff lacks standing to bring an action, the court
ordinarily lacks jurisdiction of the subject matter and must therefore dismiss
the action.  HSBC Bank USA, N.A., 464
Mass. at 199.  As a matter of discretion,
however, we decide that there is "good cause to 'address the substantive
question before us:  it has been fully
briefed and argued, and public policy would benefit from the elimination of any
uncertainty'" regarding whether part 4 of the 2016 standard policy
provides coverage for IDV damages to a third-party claimant's vehicle.  Zoning Bd. of Appeals of Milton v. HD/MW Randolph
Ave., LLC, 490 Mass. 257, 263-264 (2022), quoting Middleborough v. Housing
Appeals Comm., 449 Mass. 514, 522 (2007).
      The plaintiffs argue that part 4 of the
2016 standard policy provides coverage for IDV damages to a third-party
claimant's vehicle.  "The
interpretation of an insurance policy is a question of law
. . . ." 
Massachusetts Insurers Insolvency Fund v. Premier Ins. Co., 449 Mass.
422, 426 (2007).  "We interpret the
words of the standard policy in light of their plain meaning, giving full
effect to the document as a whole" (citation omitted).  Given v. Commerce Ins. Co., 440 Mass. 207,
209 (2003).  See id. at 210 n.5
("determination of what is or is not covered under an automobile policy is
driven by the precise language of the policy in question and the statutory and
regulatory background governing automobile insurance").  "A policy of insurance whose provisions
are plainly and definitely expressed in appropriate language must be enforced
in accordance with its terms." 
McGilloway, 488 Mass. at 613, quoting Clark Sch. for Creative Learning,
Inc. v. Philadelphia Indem. Ins. Co., 734 F.3d 51, 55 (1st Cir. 2013).  In determining the meaning of the contract
provisions, "we are guided by 'what an objectively reasonable insured,
reading the relevant policy language, would expect to be covered.'"  McGilloway, supra at 613-614, quoting Hazen
Paper Co. v. United States Fid. & Guar. Co., 407 Mass. 689, 700
(1990).  
      Contrary to the plaintiffs' claims, part 4
of the 2016 standard policy excludes coverage of IDV damages to a third-party
claimant's vehicle.  It states:  "The amount we will pay does not include
compensation for . . . any decreased value or intangible loss claimed
to result from the property damage unless otherwise required by law."  Additionally, part 4 limits third-party coverage
to "damage or destruction of . . . tangible property," and
damage to tangible property does not include IDV.  See McGilloway, 488 Mass. at 614, quoting
Continental Cas. Co. v. Gilbane Bldg. Co., 391 Mass. 143, 148 (1984)
(indicating "diminution in value of tangible property" is
"intangible damage").  Thus, on
its face, part 4 of the 2016 standard policy excludes such claims "unless
otherwise required by law."[9]  
      4. 
"[O]therwise required by law." 
The plaintiffs next argue that part 4 of the 2016 standard policy
provides coverage for their IDV damages under the clause "otherwise
required by law."[10]  They cite two
sources of law as the bases for this requirement:  (1) G. L. c. 90, § 34O, and
(2) our decision in McGilloway.  We
address these arguments in turn.
      a. 
General Laws c. 90, § 34O. 
Pursuant to G. L. c. 90, § 34O, automobile insurers must
cover "all sums the insured shall become legally obligated to pay as
damages because of injury to or destruction of property, including loss of use
thereof, caused by accident and arising out of the ownership, maintenance or
use . . . of the insured motor vehicle."  The plaintiffs contend that "all
sums" include IDV damages. 
Therefore, they argue, G. L. c. 90, § 34O, requires
coverage of IDV damages, even if part 4 of the 2016 standard policy excludes
such damages, given the "unless otherwise required by law"
provision.  
      However, the statute also defines property
damage liability insurance as "insurance containing provisions as
prescribed in this section, among such other provisions, including conditions,
exclusions, and limitations, as the commissioner of insurance may approve"
(emphasis added).  G. L. c. 90,
§ 34O.  Accordingly, while insurance
policies must comply with G. L. c. 90, § 34O, the law grants the
Commissioner of Insurance (commissioner) the authority to approve the terms of
the standard policies, including exclusions. 
Colby v. Metropolitan Prop. & Cas. Ins. Co., 420 Mass. 799, 806
(1995).  See G. L. c. 175,
§ 113A (empowering commissioner to approve motor vehicle liability
policies).  Because the commissioner
exercised this authority when he approved the exclusion of IDV damages from
coverage under part 4 of the 2016 standard policy, the statute does not
"otherwise require[]" Commerce to cover the plaintiffs' third-party
IDV claims.  See G. L. c. 90,
§ 34O; G. L. c. 175, § 113A.  
      The plaintiffs further argue that the
commissioner exceeded his authority in approving the exclusion of third-party
IDV damages.  "[W]ithin the limits
set by statute, the [commissioner] decides what the terms of a standard policy
will be, and the commissioner's interpretation of the relevant statutes,
although not controlling, is entitled to deference" (citations
omitted).  Colby, 420 Mass. at 806.  However, courts will overturn agency
interpretations of statutes or rules when they are "arbitrary or
unreasonable."  Armstrong v.
Secretary of Energy & Envtl. Affairs, 490 Mass. 243, 247 (2022), quoting
Moot v. Department of Envtl. Protection, 448 Mass. 340, 346 (2007), S.C., 456
Mass. 309 (2010).  Here, the
commissioner's approval of the IDV exclusion is reasonable and consistent with
statutory authority.  The law explicitly
allows the commissioner to approve conditions, exclusions, and
limitations.  See G. L. c. 90,
§ 34O; G. L. c. 175, § 113A; Colby, supra.  Excluding IDV damages from coverage aligns
with this authority and does not conflict with the statute's language or policy
for at least two reasons.
      First, regarding the language of the
statute, excluding certain types of damages from coverage does not conflict
with its mandate that automobile insurers cover "all sums the insured
shall become legally obligated to pay." 
G. L. c. 90, § 34O. 
By allowing specific exceptions, the statute inherently acknowledges that
insurers may not be required to cover the full amount that an insured party
owes.  For instance, since the statute
expressly establishes a $5,000 coverage minimum, an insurance policy may
validly exclude coverage of damages exceeding that amount.  See id. (insurer's obligation to pay is
"subject to a limit of not less than five thousand dollars because of
injury to or destruction of property of others in any one accident").  Similarly, the exclusions approved by the
commissioner are another permissible exception to the general requirement for
broad coverage under G. L. c. 90, § 34O, not a contradiction to
it.  
      Second, as to the policy of G. L.
c. 90, § 34O, while the exclusion may leave insureds personally
liable for IDV damages,[11] the statute's purpose permits that
possibility.  Indeed, the statute
explicitly allows the commissioner to approve exclusions and permits insureds
to bear personal responsibility for amounts exceeding policy limits.  G. L. c. 90, § 34O.  Moreover, the argument that an insured may
face personal liability to a third party for IDV damages conflates two discrete
issues:  the insurer's obligations under
part 4 of the 2016 standard policy, and the scope of recoverable damages in
tort.  See Skiffington v. Liberty Mut.
Ins. Co., 93 Mass. App. Ct. 1, 5 (2018) (rejecting claim that insurer was
liable for vehicular fees where plaintiff cited tort law instead of standard
policy provisions governing insurer's payment obligation).  See also Given, 440 Mass. at 210 n.5
(language of automobile policy, along with statutory and regulatory background
of automobile insurance, dictates policy coverage).  Thus, the commissioner did not exceed his
authority by approving the exclusion of third-party IDV damages in part 4 of
the 2016 standard policy.  
      b. 
McGilloway.  Similarly, McGilloway
does not provide an independent legal basis requiring insurers to cover
third-party IDV claims under part 4 of the 2016 standard policy.  In McGilloway, 488 Mass. at 611, this court
determined that part 4 of the 2008 standard policy provided coverage for
third-party IDV claims, based on the specific text of the 2008 standard policy.[12]  However, our decision in McGilloway does not
apply to the 2016 standard policy. 
Indeed, we stated explicitly that, "[u]nless otherwise specified,
in discussing the standard policy, we refer solely to the 2008 edition"
(emphasis added).  Id. at 612 n.6.
      The language of the 2008 standard policy
required a different outcome from the one we reach here.  First, part 4 of the 2008 standard policy
expressly covered "property damage," which we interpreted to include
intangible damage such as IDV. 
McGilloway, 488 Mass. at 614. 
Second, by covering "the amounts that [a third-party claimant] is
legally entitled to collect," the 2008 standard policy obligated insurers
to make claimants "whole," thereby requiring compensation for
"any loss of value," including IDV. 
Id. at 614-615.  Lastly, we
explained that part 4 of the 2008 standard policy required coverage for
third-party IDV claims because it lacked the same recovery limitations found in
other parts of the policy.  See id. at
617 (noting that while plain language of part 7 of 2008 standard policy limited
compensation to specific types of damages, part 4 of 2008 standard policy
"contain[ed] no such limitation on recovery").  See also Given, 440 Mass. at 211 (relying on
"plain wording of the standard policy" to determine IDV
coverage).  
      In contrast, the 2016 standard policy --
governing this case -- restricts coverage under part 4 to "tangible
property" damage.  Furthermore,
while the 2016 standard policy retains language similar to the 2008 policy in
providing coverage for the amounts claimants are "legally entitled to
collect," it explicitly excludes "any decreased value or intangible
loss" from coverage.  Thus,
McGilloway does not establish a universal requirement for automobile insurers
to cover all third-party IDV claims, irrespective of the policy language.  Rather, the holding in McGilloway is narrowly
tethered to the specific language in the 2008 standard policy.  Accordingly, McGilloway does not constitute
"law" that "otherwise require[s]" Commerce to cover
third-party IDV claims under the terms of part 4 of the 2016 standard
policy.  See Given, 440 Mass. at 210 n.5
("Cases interpreting different policy provisions governed by different
regulatory requirements shed little light on what is meant by [a] part
. . . of the standard policy . . .").  
      Conclusion.  The plaintiffs lack standing to pursue their
breach of contract claim, as they have not obtained a final judgment against
Commerce's insureds.  Further, the
plaintiffs' complaint does not plausibly establish an entitlement to relief, as
part 4 of the 2016 standard policy specifically excludes IDV damages.  Accordingly, we affirm the dismissal of the
plaintiffs' complaint.  
So ordered. 

footnotes

[1] On behalf of
himself and all others similarly situated.

[2] Philip
Chapman Seaver, on behalf of himself and all others similarly situated.

[3] As explained
in McGilloway v. Safety Ins. Co., 488 Mass. 610, 611 n.4 (2021), "inherent
diminished value (IDV) is the concept that a vehicle's fair market value may be
less following a collision and repairs, and that it equals the difference
between the resale market value of a motor vehicle immediately before a
collision and the vehicle's market value after a collision and subsequent
repairs" (quotation omitted).  

[4] We
acknowledge the amicus briefs submitted by the New England Legal Foundation in
support of the defendant; the American Property Casualty Insurance Association
and Massachusetts Insurance Federation in support of the defendant; and the
Massachusetts Academy of Trial Attorneys in support of the plaintiffs.

[5] As defined in
the subsequently filed second amended complaint, the class included:
"All
third-party claimants who presented a third-party property damage claim against
a Commerce insured under the 2016 [standard policy], and wherein:  (a) Commerce determined that its insured (or
insured vehicle operator) was/were legally liable for the loss to the
claimant's automobile; (b) Commerce adjusted the claimant's third-party
property damage claim without including consideration for diminution of value
sustained by the automobile; and (c) Commerce and the third-party claimant have
not presently settled the diminution in value portion of the property damage
claim."  

[6] In their
complaint, the plaintiffs also alleged unfair and deceptive business practices
and additional violations of G. L. c. 93A.  These claims, like the breach of contract and
declaratory judgment claims, were ultimately dismissed.  On appeal, the plaintiffs do not raise any
arguments regarding these claims, and thus they are waived.  See Mass. R. A. P.
16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (we
"need not pass upon questions or issues not argued in the
brief").  See also Lyons v.
Secretary of the Commonwealth, 490 Mass. 560, 593 n.42 (2022).

[7] At oral
argument, counsel for the plaintiffs asserted for the first time, without
citing any legal authority, that the plaintiffs had standing by virtue of
Commerce's "partial performance" on the contract and its
acknowledgment of liability.  "This
does not rise to the level of appellate argument."  Wortis v. Trustees of Tufts College, 493
Mass. 648, 671 (2024).

[8] We need not,
and therefore do not, decide whether the plaintiffs have standing to pursue
their declaratory judgment claim, as they have waived any further challenge to
the dismissal.  As stated in note 6,
supra, appellants must specify all arguments on appeal in their brief,
including the reasons for their arguments and citations to relevant
authorities.  See Mass. R. A. P.
16 (a) (9) (A).  An
appellate court need not consider issues not argued in the brief.  Accordingly, the plaintiffs' failure to
address the judge's ruling dismissing their declaratory relief claim waives
their right to review on appeal.  See
Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 174 (2014)
(claim waived where appellant made no appellate argument concerning improper
dismissal under Mass. R. Civ. P. 12 [b] [6]).

[9] Although not
binding on us, Federal court decisions interpreting part 4 of the 2016 standard
policy have reached the same conclusion. 
See Reese vs. Progressive Direct Ins. Co., U.S. Dist. Ct., No.
22-cv-10539-ADB (D. Mass. Feb. 10, 2023), aff'd, U.S. Ct. App., No. 23-1200
(1st Cir. Feb. 9, 2024); Merullo vs. Amica Mut. Ins. Co., U.S. Dist. Ct., No.
22-cv-10410-DJC (D. Mass. Dec. 5, 2022), aff'd, U.S. Ct. App., No. 23-1005 (1st
Cir. Sept. 20, 2023).  

[10] The
plaintiffs interpret the clause "unless otherwise required by law" to
mean that coverage for IDV is conditionally preserved in cases where the
insured is legally liable for the property damage he or she causes.  Based on this interpretation, they assert
that Commerce effectively admitted liability by fully paying repair costs,
thereby implying that the company is "required by law" to cover third-party
IDV claims.  However, the plaintiffs fail
to provide citations to support this proposition.

[11] An insured
does not automatically bear personal liability for IDV after an at-fault
accident; not every vehicle involved in a collision and subsequently repaired
necessarily suffers IDV.  For this reason,
as stated in McGilloway, 488 Mass. at 617-618, a plaintiff must present
"individualized proof" of both the existence and amount of IDV
damages.  

[12] Part 4 of
the 2008 standard policy provided:
"Under this
Part, we will pay damages to someone else whose auto or other property is
damaged in an accident.  The damages we
will pay are the amounts that person is legally entitled to collect for
property damage through a court judgment or settlement.  We will pay only if you or a household member
is legally responsible for the accident. 
We will also pay if someone else using your auto with your consent is
legally responsible for the accident. 
Damages include any applicable sales tax and the costs resulting from
the loss of use of the damaged property." 
(Emphases omitted.)  
McGilloway, 488
Mass. at 612.